UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 8:18-CR-213-T-17-AAS

GUILLERMO CUERO CUERO
_____/

## SENTENCING MEMORANDUM

COME NOW, the Defendant, GUILLERMO CUERO CUERO, by and through his undersigned counsel, hereby files this his Sentencing Memorandum.

## Factual Background and Procedural History

Mr. Guillermo Cuero Cuero was charged by Indictment and pled guilty to Count One to the offense of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§70503 (a); 70506 (a) and (b) and Title 21 U.S.C.S. 960(b)(1)(B)ii. Factually, Mr. Cuero Cuero is a 50 year-old Hispanic male born in Boca Lima, Colombia. He was born into a very poor family consisting of 11 siblings, seven of which are now deceased. The entire family worked on a farm while struggling to have enough clothes or food. Because of their dire financial situation Mr. Guillermo Cuero Cuero quit school

in the 6th grade to work full-time laboring on the farm. Prior to this the drug trip he was earning approximately $10 per day working miscellaneous jobs.

While it is never a justification or excuse to break the law, it is nevertheless understandable how Mr. Cuero Cuero would agree to this drug deal upon the promise a few thousand dollars.

Mr. Cuero Cuero currently resides in a rented 3 room shack with this wife, 4 children, 5 grandchildren and his in-laws. While the shack has running water the water is not drinkable, and it does not contain a toilet. Mr.Cuero Cuero is very concerned how his family will survive financially while he is incarcerated in the United States.

Based upon the total amount of drugs involved the United States Probation Officer calculated Mr. Cuero Cuero's base offense level to be 36 (PSR 6 ¶ 17). With a 2 level safety valve reduction pursuant to U.S.S.G. 2D1.1(b)(17) (PSR 6 ¶ 19), a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 (a) and a one (1) level reduction for timely notification of intent to plead guilty pursuant to U.S.S.G. 3E1.1 his total offense level should be 31. Level 31 calls for a recommended guideline sentence of 108 to 135 months imprisonment. However, because of the minimum mandatory the guideline range converted to 120 to 135 months imprisonment. It is respectfully submitted probation incorrectly calculated Mr. Cuero Cuero's total offense level at 33 (PSR 7 ¶27).

That is based upon a 2 level specific offense characteristic enhancement pursuant to 2D1(1)(b)(3)(c) for being the master of the go-fast vessel (PSR 6 ¶19).

It is the defense's assertion that this specific offense characteristic enhancement should not be applied as all three defendants shared in the steering duties on board the go-fast vessel.

## **Sentencing Analysis**

It is well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in U.S.C § 3553(a) to determine a reasonable sentence as to each defendant in each case.

In United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S.

Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

## Application of 18 U.S.C. § 3553(a)

Mr. Cuero Cuero regrets his commission of a serious federal crime and understands the need for punishment. He submits, however, that the nature and circumstances of his offense, his personal history and characteristics, weigh in favor of a sentence significantly less than suggested by the Department of Probation.

## The Purposes of Sentencing

Section 3553(a)(2) sets forth the purposes of sentencing, which can be summarized as:

(1) just punishment;

(2) deterrence;

(3) protection of the public; and

(4) rehabilitation.

## Just Punishment

Mr. Cuero Cuero's conduct, in a conspiracy to distribute illegal drugs, was a violation of law and must be justly punished in a way that constitutes appropriate retribution and promotes respect for the law. Accordingly, a one hundred twenty (120) month, 10 year minimum mandatory sentence will demonstrate to him,

other offenders, and to the public that such conduct is reprehensible and heavily punished under the law.

**Deterrence**

As for specific deterrence: Mr. Cuero Cuero is not among those offenders—if indeed, such exist—for whom crime is an acceptable way of life and for whom reoffending is inevitable. His one time involvement in crime was related directly to his poverty. One hundred twenty months of incarceration with the inability to support his family is more than adequate for this purpose. As for general deterrence: By any standard a 10 year minimum mandatory sentence is severe enough to dissuade others from committing similar crimes.

**Protection of the Public**

Other than this one bad decision Mr. Cuero Cuero has never been, and is not now, a threat to the safety or wellbeing of the public. This consideration requires no additional period of incarceration.

**Rehabilitation**

Being away from his family and learning a trade while incarcerated will enable Mr. Cuero Cuero to have a crime free life. Such treatment can be completed with said sentence.

**The Kinds of Sentences Available (and related costs)**

Since in this case only incarceration is available, the cost of this punishment is a relevant consideration. At the rate of $36,300 per year (PSR 11 ¶ 77), any incarceration beyond that which is necessary represents an unjustified expenditure of public funds. Mr. Cuero Cuero submits that a sentence of one hundred twenty (120) months is sufficient to accomplish the goals of sentencing at a justifiable cost.

**CONCLUSION**

For the reasons stated herein, Mr. Cuero Cuero respectfully asks this Court to impose a guideline minimum mandatory sentence of one hundred twenty (120) months. Such a sentence is reasonable in light of the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a).

DATED this _24th_ day of September, 2018.

Respectfully submitted,

/s/William E. Gottfried
William E. Gottfried, Esquire
FBN 0477974
Attorney for Guillermo Cuero Cuero

## Certificate of Service

I hereby certify that on _24th__ day of September 2018 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system was forwarded to all parties of record and to Office of the U.S. Attorney, Middle District of Florida, Tampa Division.

/s/William E. Gottfried
William E. Gottfried, Esquire
FBN 0477974
Attorney for Guillermo Cuero Cuero
1435 Gulf to Bay Blvd., Suite C
Clearwater, Florida 33755
Telephone: (727) 462-5592
FAX No:   (727) 462-5593
Email: wgfirm@aol.com