# United States District Court

### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                                       Case No. 8:18-213-T-17-AAS

TARCILO RENTERIA CUERO.

_____\\

### **ADDENDUM TO THE SENTENCING MEMORANDUM/NOTICE OF ADDITIONAL OBJECTION TO THE PRESENTENCE REPORT AND REQUEST FOR RELIEF- - SENTENCE BELOW THE MANDATORY MINIMUM**

**COMES NOW**, Tarcilo Renteria Cuero, by and through undersigned counsel, and hereby files this Addendum to the Sentencing Memorandum/Notice of Additional Objection to the Presentence Report, and states:

1. Mr. Renteria Cuero hereby objects to the mandatory minimum penalty reflected in the PSR, as the PSR indicated correctly in ¶ 19, Mr. Renteria Cuero satisfied each of the criteria set forth in 18 U.S.C. § 3553(f).

2. Mr. Renteria Cuero respectfully disagrees with the Eleventh Circuit's precedent[1] regarding § 3553(f) and it appears there is a circuit split, as the D.C. Circuit recently held that § 3553(f) applies in Maritime Drug Law Enforcement Act cases. *See United States v. Mosquera-Murillo*, __ F.3d __2018, 2018 WL 4050250, *5-*9 (D.C. Cir. Aug. 24, 2018).

3. The safety valve statute is meant to apply to "an offense under" five listed statutes, including 21 U.S.C. § 960. *See* 18 U.S.C. § 3553(f). The D.C. Circuit concluded that a defendant convicted under the MDLEA is also convicted of an offense under 21 U.S.C. § 960. *Id*. at *6-*7. As the D.C. Circuit explained:

    > In particular, the MDLEA supplies elements that make the defendants' conduct unlawful: (I) conspiring, (ii) to intentionally or knowingly, (iii) distribute or possess with intent to distribute, (iv) a controlled substance, (v) while on board a vessel. 46 U.S.C. §§ 70503(a)(1), 70506(b). Meanwhile,

---

[1] *See United States v. Castillo*, 899 F.3d 1208, 1212-1213 (11th Cir. 2018); *United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1329 (11th Cir. 2012).

> § 960 supplies the offense elements of drug-type and drug-quantity–5 or more kilograms of cocaine, and 100 or more kilograms of marijuana– which bear on the degree of culpability and determine the statutory sentencing range. 21 U.S.C. § 960(b)(1)(B), (b)(2)(G). In that light, the defendants' crime is "an offense under" both the MDLEA and § 960, drawing offense elements from each.

*Id.* at *6.

4. The D.C. Circuit further observed that its statutory interpretation is consistent with Supreme Court precedent holding that the drug type and quantity are elements of the offense. *Id.* at *7.[2]

5. The D.C. Circuit noted that the defendants's indictments, plea agreements, and judgments all reflected that the defendants were convicted under both the MDLEA and § 960. *Id.* at *7.

6. Based upon its review of the statutory text and history, the D.C. Circuit concluded, in express disagreement with the Eleventh Circuit, that § 3553(f) applies to MDLEA convictions. *Id.* at *8-*9.

7. Mr. Renteria Cuero was likewise convicted of "an offense under" § 960; this conclusion follows the statutory text and history and the record in Mr. Renteria Cuero's case. *See Id.* at *6-*9.

8. The Indictment charged, and Mr. Renteria's guilty plea was based upon an offense under the MDLEA and 21 U.S.C. § 960. *See* Doc. #1 (Indictment) and Doc. #30 (Plea Agreement).

9. Mr. Renteria is eligible for a sentence below the mandatory minimum because he was convicted of an offense under § 960 and he has satisfied each of the criteria in § 3553(f).

10. The government has reported that it will not seek rehearing or certiorari from the D.C. Circuit's decision in *Mosquera-Murillo*. *See* Unopposed Motion to Expedite Issuance of the Mandate, *United States v. Mosquera-Murillo,* Nos. 16-3096, 16-3097, 16-3098 (D.C. Cir. Sept. 13, 2018.)

11. As a result, defendants within the D.C. Circuit's jurisdiction who have satisfied each of the criteria for safety-valve eligibility under § 3553(f) will be eligible for a sentence below the mandatory minimum penalty, while similarly situated defendants within the Eleventh Circuit's jurisdiction will not.

---

[2] Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyene v. United States*, 570 U.S. 99 (2013) (plurality).

12. Mr. Renteria Cuero objects to this disparate treatment and resulting sentencing disparity as a violation of his due process and equal protection rights.

Respectfully submitted,

s/ *Donna Kay Rose*
Donna Kay Rose

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 26, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Assistant United States Attorney Novaes, and all other parties/counsel of record.

s/ *Donna Kay Rose*
Donna Kay Rose
Law Office of Donna Kay Rose, P.A.
P. O. Box 365
Clearwater, FL 33757
Phone: (727) 443-2999
Email: floridaadoptionlaw@yahoo.com
Fla. Bar No. 0157104
Counsel for Tarcilo Renteria Cuero